(8)

UNITED STATES BANKRUPTCY COURT
EASTERN DISTRICT OF CALIFORNIA
SACRAMENTO DIVISION

FILED
APR 20 2026
UNITED STATES BANKRUPTCY COURT
EASTERN DISTRICT OF CALIFORNIA

mfs

$350.00
Debit

In re:
MANNY TOLEDO,
Debtor.

Bankruptcy Case No. 26-20837

JUAN DAVID MORENO,
Plaintiff,

v.

MANNY TOLEDO,
Defendant.

Adversary Proceeding No. 26-2033

COMPLAINT TO DETERMINE NONDISCHARGEABILITY OF DEBT
11 U.S.C. § 523(a)(2)(A) and § 523(a)(4)

Plaintiff Juan David Moreno alleges:

PARTIES

1. Plaintiff Juan David Moreno is an individual and a creditor of debtor Manny Toledo.

2. Defendant Manny Toledo is the debtor in Chapter 7 bankruptcy case number 26-20837, pending in the United States Bankruptcy Court for the Eastern District of California.

JURISDICTION AND VENUE

3. This Court has jurisdiction over this adversary proceeding under 28 U.S.C. §§ 157 and 1334.

4. This is a core proceeding under 28 U.S.C. § 157(b)(2)(I), because it concerns the dischargeability of a debt.

5. Venue is proper in this district because Defendant's bankruptcy case is pending in this Court.

FACTUAL ALLEGATIONS

6. On or about September 1, 2022, Plaintiff and Defendant entered into a real-estate venture regarding property in Olivehurst, California.

7. Defendant represented to Plaintiff that Defendant had the experience, ability, and intention to obtain construction financing for the property.

8. Defendant further represented that Defendant needed to be placed on title in order to obtain such financing.

9. Plaintiff relied on Defendant's representations and caused Defendant to be placed on title.

10. Plaintiff and related party Real Asset LLC paid the down payment, closing costs, permit fees, and other costs associated with the property and project.

11. Defendant did not contribute purchase funds as promised.

12. Plaintiff later learned that Defendant did not obtain the promised construction financing.

13. During 2024, when Plaintiff attempted to sell the property to an outside investor, Defendant used Defendant's ownership position to delay or interfere with the sale unless Plaintiff paid Defendant money.

14. Defendant demanded payment to remove Defendant's name from title, despite not having contributed funds to the project as promised.

15. As a direct and proximate result of Defendant's conduct, Plaintiff suffered damages in at least the amount of $345,382.27, exclusive of additional costs.

16. Plaintiff has asserted claims against Defendant in Yuba County Superior Court, Case No. CVCV24-00956, including fraudulent misrepresentation, breach of contract, and breach of fiduciary duty.

FIRST CLAIM FOR RELIEF
Nondischargeability Under 11 U.S.C. § 523(a)(2)(A)

17. Plaintiff realleges and incorporates paragraphs 1 through 16 as though fully set forth herein.

18. Defendant made material representations to Plaintiff concerning Defendant's ability and intention to obtain financing for the property.

19. At the time Defendant made those representations, Defendant knew they were false, or made them with reckless disregard for the truth.

20. Defendant made those representations with the intent to induce Plaintiff to rely on them.

21. Plaintiff justifiably relied on Defendant's representations.

22. Based on that reliance, Plaintiff put Defendant on title and advanced money and resources into the venture and property.

23. Plaintiff was damaged as a direct and proximate result of Defendant's false representations and actual fraud.

24. The resulting debt is therefore nondischargeable under 11 U.S.C. § 523(a)(2)(A).

SECOND CLAIM FOR RELIEF
Nondischargeability Under 11 U.S.C. § 523(a)(4)

25. Plaintiff realleges and incorporates paragraphs 1 through 24 as though fully set forth herein.

26. Plaintiff and Defendant entered into a joint venture or partnership-type relationship regarding the acquisition, financing, development, and sale of the property.

27. By reason of that relationship and Defendant's position in the venture, Defendant owed fiduciary duties to Plaintiff.

28. Defendant breached those fiduciary duties by, among other things, failing to act in the best interests of the venture, failing to obtain promised financing, and using title position for Defendant's own advantage at Plaintiff's expense.

29. Defendant's conduct constituted fraud or defalcation while acting in a fiduciary capacity.

30. The resulting debt is therefore nondischargeable under 11 U.S.C. § 523(a)(4).

PRAYER FOR RELIEF

Wherefore, Plaintiff requests judgment against Defendant as follows:

1. For a determination that Defendant owes Plaintiff a debt in an amount to be proven at trial, including at least $345,382.27 plus additional allowable costs;

2. For a determination that such debt is nondischargeable under 11 U.S.C. § 523(a)(2)(A);

3. For a determination that such debt is nondischargeable under 11 U.S.C. § 523(a)(4);

4. For costs of suit herein; and

5. For such other and further relief as the Court deems just and proper.

Dated: 04/20/2026

Juan David Moreno
Plaintiff, In Pro Per

5579 S Gledhill Ave
Olivehurst, CA 95961
Phone: 916-298-3770
Email: realassetllc@gmail.com

FILED
September 8, 2025
YUBA COUNTY SUPERIOR COURT
HEATHER PUGH
SUPERIOR COURT CLERK
BY: MAnderson

Eric Marquez (SBN 324893)
Attorney at Law
4320 12th Ave
Sacramento, CA 95817
(916) 996-6091
owner@ericmarquez.law

*Attorney for Plaintiffs:*
*Juan David Moreno,*
*& Real Asset, LLC.*

**SUPERIOR COURT OF CALIFORNIA**

**COUNTY OF YUBA**

| | |
|---|---|
| Juan David Moreno, et al<br><br>Plaintiffs<br><br>vs.<br><br>Manny Toledo and DOES 1 to 10<br><br>Defendants | Case No.: CVCV24-00956<br><br>**~~[PROPOSED]~~ SECOND AMENDED COMPLAINT FOR DAMAGES**<br><br>1. Breach of Contract<br>2. Fraudulent Misrepresentation<br>3. Breach of Fiduciary Duty<br><br>*Judge: Hon. Stephen W. Berrier*<br>*Dept. 4* |

Plaintiffs bring this Second Amended Complaint for damages, as follows:

**PARTIES**

1. Plaintiff Juan David Moreno (hereinafter Moreno) is an individual residing in Yuba County, California.

2. Plaintiff Real Asset, LLC, is a California limited liability company whose principal office is in Yuba County, California. Its managing member is Plaintiff Moreno.

3. Defendant Manny Toledo (hereinafter Toledo) is an individual residing in Sacramento County, California.

4. Defendants, Does 1-10, whose true names are unknown to Plaintiffs but who are believed to have been involved in the incident giving rise to this lawsuit.

**JURISDICTION AND VENUE**

6. This Court has jurisdiction over this action pursuant to California Code of Civil Procedure § 410.10.

7. Venue is proper in this Court under California Code of Civil Procedure § 395(a) because the acts and omissions giving rise to this action occurred in Yuba County, California, and the property that is the subject of this action is located in Yuba County.

**GENERAL ALLEGATIONS**

8. On or about September 1, 2022, Defendant and Plaintiffs Moreno, and Real Assets, LLC, in addition to Orange Investment, LLC, entered into an oral partnership agreement. Real Assets, LLC entered through its managing member Plaintiff Moreno.

9. The agreement called for Orange Investment, LLC and Toledo to purchase real property as tenants in common. Toledo would use his experience and good reputation to obtain financing for construction on the vacant land. Toledo guaranteed having the means to apply for a construction loan of approximately $1.8 million for the building of 12 new apartments on the property. The partners would then sell the newly improved property for profit.

10. On or about September 29, 2022, Orange Investment, LLC, and Defendant Toledo each acquired a 50% interest in the property located at 4827 Olivehurst Avenue, Olivehurst, CA 95961 (hereinafter "the Property"), also known as Assessor's Parcel Number 013-130-045-000.

11. The Property is legally described as follows: Portion of Lot 26, as shown upon the Map entitled, "Subdivision of the Olivehurst Tract", filed in the Office of the County Recorder of the County of Yuba, State of California, in Volume 2 of Maps, at Page 5, and more particularly described as follows: Beginning at a point on the West line of said Lot, distant thereon 108 feet North of the Southwest corner of said Lot, thence North along said West line

112 feet; thence East parallel with the South line of said Lot 198 feet, thence South parallel with the West line of said Lot 112 feet; thence West parallel with the South line of said Lot, 198 feet to the point of beginning.

12. Plaintiff Real Asset, LLC, paid the down payment and the escrow closing costs for the purchase of the Property. The payments included: $5,000.00 Seller Credit for deposit, $140,000.00 from the sale of 4827 Arboga Road, Olivehurst, CA, and $19,721.68 for closing costs. In addition, Plaintiff Juan David Moreno paid $11,609.27 in permitting fees for expected improvements to the property, for a total of $176,330.95.

13. The $176,330.95 was paid by plaintiffs using investor funds. Plaintiffs have, since September 2022, continued to owe monthly interest payments of $4,935.04 to those investors. As of April 2025 these owed interest payments total $169,051.32. Plaintiffs have incurred this debt due to Toledo's actions.

14. The purchase of the Property was also financed by two Deeds of Trust, both made on July 27, 2022.

15. The first Deed of Trust, to secure $170,000, lists Orange Investment, LLC, and Manny Toledo as Trustors, Orange Coast Title Company of Northern California as Trustee, and Burraq, Inc., as Beneficiary.

16. The second Deed of Trust to secure $150,000, lists Orange Investment, LLC, and Manny Toledo as Trustors, Orange Coast Title Company of Northern California as Trustee, and Burraq, Inc., as Beneficiary.

17. Toledo contributed no funds to the purchase of the Property.

18. On or about May 26, 2023, Orange Investment, LLC transferred its interest in the Property to Plaintiff Real Asset. LLC.

19. Only Plaintiffs Real Asset LLC, and Moreno paid for or reimbursed others for construction permits and fees

20. When, roughly through January and February 2024, Real Asset, LLC, attempted to sell the property to an outside investor that Toledo initially found, Toledo used his 50% ownership interest to delay the sale unless compensated $20,000. This caused the sale to fall through.

21. A Notice of Default was filed on the Property on or about March 24, 2024.

22. On or about April 17, 2024, Burraq, Inc., as beneficiary under the first Deed of Trust substituted itself for trustee in place of Orange Coast Title Company of Northern California.

23. On or about May 20, 2024, Toledo demanded $20,000 from Moreno to remove Toledo's name from the property's title, which Moreno rejected.

24. On or about June 20, 2024, Plaintiff Real Asset, LLC, received a Notice of Trustee's Sale scheduled to take place on July 25, 2024, under the second Deed of Trust.

25. On or about July 3, 2024, Burraq, Inc., as beneficiary under the second Deed of Trust substituted Tabish Anwar, who is the President of Burraq, Inc., for trustee in place of Orange Coast Title Company of Northern California.

26. On or about August 1, 2024, Trustee Tabish Anwar reconveyed the property to Burraq, Inc.

27. On or about October 1, 2024, Burraq, Inc., transferred the property to Buyer Tire and Wheels Express Inc.

**CAUSES OF ACTION**

**First Cause of Action**

**(Breach of Contract)**

28. Plaintiffs incorporate by reference all preceding paragraphs as though fully set forth herein.

29. Plaintiffs and Defendant entered into an oral contract whereby Defendant agreed to obtain construction financing and in exchange for 50% of the profits from the sale of the

improved property. Defendant held out that he need to be added to the title of the Property to obtain that financing and so was added to the title.

30. Defendant breached the oral contract by failing to obtain construction financing.

31. As a direct and proximate result of Defendant's breach, Plaintiffs have suffered damages in an amount to be proven at trial.

## Second Cause of Action

## (Fraudulent Misrepresentation)

32. Plaintiffs incorporate by reference all preceding paragraphs as though fully set forth herein.

33. Toledo knowingly and intentionally made representations he knew to be false to Plaintiffs regarding his ability and intention to secure construction financing for the property.

34. Toledo knowingly and intentionally made representations he knew to be false with the intention to induce Plaintiffs to rely on those representations to put him on title to the property.

35. Plaintiff reasonably relied on Defendant's false representations to his detriment. Plaintiffs purchased and financed the Property and put Toledo on title, relying on Toledo's representations that Toledo could and would obtain construction financing for the Property and Toledo need to be on title to do so. This representation was material to Plaintiffs' decision to enter into the transaction with Toledo, as otherwise they would not have put Toledo on title.

36. As a direct and proximate result of Toledo's fraudulent misrepresentations, and their reliance on those representations, Plaintiffs have suffered damages in an amount to be proven at trial.

## Third Cause of Action

## (Breach of Fiduciary Duty)

37. Plaintiffs incorporate by reference all preceding paragraphs as though fully set forth herein.

38. Per Corporations Code section 16102(a)(9-10), Toledo and Plaintiffs entered into an oral partnership agreement when Plaintiffs and Toledo agreed to purchase the property using Plaintiff's funds, acquire financing using Toledo's name and reputation in order to improve the property, and then sell the improved property for profit.

39. Per Corporations Code section 16404 Toledo owed the fiduciary duties of loyalty and care to Plaintiffs as members of the partnership.

40. Toledo breached his fiduciary duties of loyalty and care by failing to act in the best interests of Plaintiffs and the partnership, specifically when Toledo failed to secure financing for development of the property and when Toledo prevented Plaintiffs from selling the property to an outside investor by demanding either $20,000 to remove his name from the title or 50% of the proceeds from the sale to the outside investor, despite his not having contributed any money to the original purchase of the property.

41. As a direct and proximate result of Defendant's breach of fiduciary duty, Plaintiffs have suffered damages, in an amount to be proven at trial.

**PRAYER FOR RELIEF**

WHEREFORE, Plaintiff prays for judgment against Defendant as follows:

1. For compensatory damages in the amount of $345,382.27, with interest;
2. For punitive damages per Civil Code section 3284;
3. For costs of suit;
4. For such other and further relief as the Court deems just and proper.

April 27, 2025

Respectfully Submitted

Eric Marquez

Eric Marquez

Attorney for Plaintiffs Juan David Moreno and Real Asset, LLC.

**Information to identify the case:**

| | | | |
|---|---|---|---|
| Debtor 1 | **Manny Toledo** (First Name Middle Name Last Name) | Social Security number or ITIN | **xxx–xx–0845** |
| | | EIN | __–_______ |
| Debtor 2 (Spouse, if filing) | (First Name Middle Name Last Name) | Social Security number or ITIN | ____ |
| | | EIN | __–_______ |
| United States Bankruptcy Court | **Eastern District of California** | Date case filed for chapter **7**: | **2/18/26** |
| Case number: | **26–20837 – S – B – 7** | | |

10/20

Official Form 309A (For Individuals or Joint Debtors)

## Notice of Chapter 7 Bankruptcy Case – No Proof of Claim Deadline

**For the debtors listed above, a case has been filed under chapter 7 of the Bankruptcy Code. An order for relief has been entered.**

**This notice has important information about the case for creditors, debtors, and trustees, including information about the meeting of creditors and deadlines. Read both pages carefully.**

The filing of the case imposed an automatic stay against most collection activities. This means that creditors generally may not take action to collect debts from the debtors or the debtors' property. For example, while the stay is in effect, creditors cannot sue, garnish wages, assert a deficiency, repossess property, or otherwise try to collect from the debtors. Creditors cannot demand repayment from debtors by mail, phone, or otherwise. Creditors who violate the stay can be required to pay actual and punitive damages and attorney's fees. Under certain circumstances, the stay may be limited to 30 days or not exist at all, although debtors can ask the court to extend or impose a stay.

The debtors are seeking a discharge. Creditors who assert that the debtors are not entitled to a discharge of any debts or who want to have a particular debt excepted from discharge may be required to file a complaint in the bankruptcy clerk's office within the deadlines specified in this notice. (See line 9 for more information.)

To protect your rights, consult an attorney. All documents filed in the case may be inspected at the bankruptcy clerk's office at the address listed below or through PACER (Public Access to Court Electronic Records at https://pacer.uscourts.gov).

**The staff of the bankruptcy clerk's office cannot give legal advice.**

**To help creditors correctly identify debtors, debtors submit full Social Security or Individual Taxpayer Identification Numbers, which may appear on a version of this notice. However, the full numbers must not appear on any document filed with the court.**

**Do not file this notice with any proof of claim or other filing in the case. Do not include more than the last four digits of a Social Security or Individual Taxpayer Identification Number in any document, including attachments, that you file with the court.**

| | | About Debtor 1: | About Debtor 2: |
|---|---|---|---|
| 1. | **Debtor's full name** | Manny Toledo | |
| 2. | **All other names used in the last 8 years** | | |
| 3. | **Address** | 3028 Sparrow Drive<br>Sacramento, CA 95834 | |
| 4. | **Debtor's attorney**<br>Name and address | Patrick Riazi<br>Law Office of Patrick Riazi<br>2999 Douglas Blvd.<br>180<br>Roseville, CA 95661 | Contact phone: 916–492–6006 |
| 5. | **Bankruptcy trustee**<br>Name and address | Loris L Bakken<br>2715 W. Kettleman Ln.<br>Ste 203–334<br>Lodi, CA 95242 | Contact phone: 209–625–1440 |

**For more information, see page 2 >**



**Please read both sides of this notice. The second page includes important information about the meeting of creditors in this case.**

| | | |
|---|---|---|
| **6. Bankruptcy clerk's office**<br>You may inspect all records filed in this case at this office or online at https://pacer.uscourts.gov. | Robert T Matsui United States Courthouse<br>501 I Street, Suite 3-200<br>Sacramento, CA 95814 | Hours: M-F 9:00 AM - 4:00 PM<br>www.caeb.uscourts.gov<br>Phone: (916) 930-4400<br>Date: 2/20/26 |
| **7. Meeting of creditors**<br>Debtors must attend the meeting to be questioned under oath. In a joint case, both spouses must attend. Creditors may attend, but are not required to do so. | **March 25, 2026 at 10:00 AM**<br><br>The meeting may be continued or adjourned to a later date. If so, the date will be on the court docket.<br><br>**Debtors are required to bring government issued photo identification and proof of social security number to the meeting of creditors.** | **Location:**<br><br>**Zoom video meeting. Go to Zoom.us/join, Enter Meeting ID 571 461 0376, and Passcode 8713498701, OR call 1 (209) 755-7697**<br><br>**For additional meeting information go to www.justice.gov/ust/moc** |
| **8. Presumption of abuse**<br>If the presumption of abuse arises, you may have the right to file a motion to dismiss the case under 11 U.S.C. § 707(b). Debtors may rebut the presumption by showing special circumstances. | Insufficient information has been filed to date to permit the clerk to make any determination concerning the presumption of abuse. If more complete information, when filed, shows that the presumption has arisen, creditors will be notified. | |
| **9. Deadlines**<br>The bankruptcy clerk's office must receive these documents and any required filing fee by the following deadlines. | **File by the deadline to object to discharge or to challenge whether certain debts are dischargeable:**<br><br>**You must file a complaint:**<br>• if you assert that the debtor is not entitled to receive a discharge of any debts under any of the subdivisions of 11 U.S.C. § 727(a)(2) through (7), or<br>• if you want to have a debt excepted from discharge under 11 U.S.C § 523(a)(2), (4), or (6).<br><br>**You must file a motion:**<br>• if you assert that the discharge should be denied under § 727(a)(8) or (9). | **Filing deadline: 5/26/26** |
| | **Deadline to object to exemptions:**<br>The law permits debtors to keep certain property as exempt. If you believe that the law does not authorize an exemption claimed, you may file an objection. | **Filing deadline:** 30 days after the *conclusion* of the meeting of creditors |
| **10. Proof of claim**<br>Please do not file a proof of claim unless you receive a notice to do so. | No property appears to be available to pay creditors. Therefore, please do not file a proof of claim now. If it later appears that assets are available to pay creditors, the clerk will send you another notice telling you that you may file a proof of claim and stating the deadline. | |
| **11. Creditors with a foreign address** | If you are a creditor receiving a notice mailed to a foreign address, you may file a motion asking the court to extend the deadlines in this notice. Consult an attorney familiar with United States bankruptcy law if you have any questions about your rights in this case. | |
| **12. Exempt property** | The law allows debtors to keep certain property as exempt. Fully exempt property will not be sold and distributed to creditors. Debtors must file a list of property claimed as exempt. You may inspect that list at the bankruptcy clerk's office or online at https://pacer.uscourts.gov. If you believe that the law does not authorize an exemption that the debtors claim, you may file an objection. The bankruptcy clerk's office must receive the objection by the deadline to object to exemptions in line 9. | |
| **13. Options to Receive Notices Served by the Clerk by Email Instead of by U.S. Mail** | Anyone can register for the Electronic Bankruptcy Noticing program at ebn.uscourts.gov or debtors can register for DeBN by filing form EDC 3-321 Debtor's Electronic Noticing Request (DeBN) with the Clerk of Court. Both options are FREE and allow the Clerk to quickly send you court-issued notices and orders by email. | |

Fill in this information to identify the case:

Debtor 1 Manny Toledo

Debtor 2 (Spouse, if filing) ____________________

United States Bankruptcy Court for the: Eastern District of California

Case number 26-20837

ORIGINAL FILED
APR 1 4 2025
UNITED STATES BANKRUPTCY COURT
EASTERN DISTRICT OF CALIFORNIA

Official Form 410

# Proof of Claim

04/25

**Read the instructions before filling out this form. This form is for making a claim for payment in a bankruptcy case. Do not use this form to make a request for payment of an administrative expense. Make such a request according to 11 U.S.C. § 503.**

**Filers must leave out or redact** information that is entitled to privacy on this form or on any attached documents. Attach redacted copies of any documents that support the claim, such as promissory notes, purchase orders, invoices, itemized statements of running accounts, contracts, judgments, mortgages, and security agreements. **Do not send original documents;** they may be destroyed after scanning. If the documents are not available, explain in an attachment.

A person who files a fraudulent claim could be fined up to $500,000, imprisoned for up to 5 years, or both. 18 U.S.C. §§ 152, 157, and 3571.

**Fill in all the information about the claim as of the date the case was filed. That date is on the notice of bankruptcy (Form 309) that you received.**

## Part 1: Identify the Claim

**1. Who is the current creditor?**

Juan David Moreno
Name of the current creditor (the person or entity to be paid for this claim)

Other names the creditor used with the debtor Real Asset LLC

**2. Has this claim been acquired from someone else?**

☒ No
☐ Yes. From whom? ____________________

**3. Where should notices and payments to the creditor be sent?**

Federal Rule of Bankruptcy Procedure (FRBP) 2002(g)

**Where should notices to the creditor be sent?**

Juan David Moreno
Name

5579 S Gledhill Ave
Number Street

Olivehurst CA 95961
City State ZIP Code

Contact phone 9162983770

Contact email realassetllc@gmail.com

**Where should payments to the creditor be sent? (if different)**

____________________
Name

____________________
Number Street

____________________
City State ZIP Code

Contact phone ____________________

Contact email ____________________

Uniform claim identifier (if you use one):

__ __ __ __ __ __ __ __ __ __ __ __ __ __ __ __ __ __ __ __ __ __ __ __

**4. Does this claim amend one already filed?**

☒ No
☐ Yes. Claim number on court claims registry (if known) ______ Filed on ____________ MM / DD / YYYY

**5. Do you know if anyone else has filed a proof of claim for this claim?**

☒ No
☐ Yes. Who made the earlier filing? ____________________

## Part 2: Give Information About the Claim as of the Date the Case Was Filed

**6. Do you have any number you use to identify the debtor?**

☒ No
☐ Yes. Last 4 digits of the debtor's account or any number you use to identify the debtor: ___ ___ ___ ___

**7. How much is the claim?**

$ 345,966.72

**Does this amount include interest or other charges?**

☐ No
☒ Yes. Attach statement itemizing interest, fees, expenses, or other charges required by Bankruptcy Rule 3001(c)(2)(A).

**8. What is the basis of the claim?**

Examples: Goods sold, money loaned, lease, services performed, personal injury or wrongful death, or credit card.

Attach redacted copies of any documents supporting the claim required by Bankruptcy Rule 3001(c).

Limit disclosing information that is entitled to privacy, such as health care information.

Fraudulent misrepresentation, breach of contract, and breach of fiduciary duty arising from a real estate venture And property transaction in Olivehurst California (Yuba County Superior Court Case No. CVCV24-00956)

**9. Is all or part of the claim secured?**

☒ No
☐ Yes. The claim is secured by a lien on property.

**Nature of property:**

☐ Real estate. If the claim is secured by the debtor's principal residence, file a *Mortgage Proof of Claim Attachment* (Official Form 410-A) with this *Proof of Claim.*
☐ Motor vehicle
☐ Other. Describe: ____________________

**Basis for perfection:** ____________________

Attach redacted copies of documents, if any, that show evidence of perfection of a security interest (for example, a mortgage, lien, certificate of title, financing statement, or other document that shows the lien has been filed or recorded.)

**Value of property:** $__________

**Amount of the claim that is secured:** $__________

**Amount of the claim that is unsecured:** $__________ (The sum of the secured and unsecured amounts should match the amount in line 7.)

**Amount necessary to cure any default as of the date of the petition:** $__________

**Annual Interest Rate** (when case was filed)_______%

☐ Fixed
☐ Variable

**10. Is this claim based on a lease?**

☒ No
☐ Yes. **Amount necessary to cure any default as of the date of the petition.** $__________

**11. Is this claim subject to a right of setoff?**

☒ No
☐ Yes. Identify the property: ____________________

| | | | |
|---|---|---|---|
| 12. **Is all or part of the claim entitled to priority under 11 U.S.C. § 507(a)?** | ☒ No | | |
| A claim may be partly priority and partly nonpriority. For example, in some categories, the law limits the amount entitled to priority. | ☐ Yes. *Check one:* | | **Amount entitled to priority** |
| | | ☐ Domestic support obligations (including alimony and child support) under 11 U.S.C. § 507(a)(1)(A) or (a)(1)(B). | $______ |
| | | ☐ Up to $3,800* of deposits toward purchase, lease, or rental of property or services for personal, family, or household use. 11 U.S.C. § 507(a)(7). | $______ |
| | | ☐ Wages, salaries, or commissions (up to $17,150*) earned within 180 days before the bankruptcy petition is filed or the debtor's business ends, whichever is earlier. 11 U.S.C. § 507(a)(4). | $______ |
| | | ☐ Taxes or penalties owed to governmental units. 11 U.S.C. § 507(a)(8). | $______ |
| | | ☐ Contributions to an employee benefit plan. 11 U.S.C. § 507(a)(5). | $______ |
| | | ☐ Other. Specify subsection of 11 U.S.C. § 507(a)(__) that applies. | $______ |

* Amounts are subject to adjustment on 4/01/28 and every 3 years after that for cases begun on or after the date of adjustment.

## Part 3: Sign Below

**The person completing this proof of claim must sign and date it. FRBP 9011(b).**

If you file this claim electronically, FRBP 5005(a)(3) authorizes courts to establish local rules specifying what a signature is.

**A person who files a fraudulent claim could be fined up to $500,000, imprisoned for up to 5 years, or both. 18 U.S.C. §§ 152, 157, and 3571.**

*Check the appropriate box:*

☒ I am the creditor.

☐ I am the creditor's attorney or authorized agent.

☐ I am the trustee, or the debtor, or their authorized agent. Bankruptcy Rule 3004.

☐ I am a guarantor, surety, endorser, or other codebtor. Bankruptcy Rule 3005.

I understand that an authorized signature on this *Proof of Claim* serves as an acknowledgment that when calculating the amount of the claim, the creditor gave the debtor credit for any payments received toward the debt.

I have examined the information in this *Proof of Claim* and have a reasonable belief that the information is true and correct.

I declare under penalty of perjury that the foregoing is true and correct.

Executed on date 04/14/2026 (MM / DD / YYYY)

[signature]

Signature

**Print the name of the person who is completing and signing this claim:**

Name: Juan (First name) David (Middle name) Moreno (Last name)

Title: Plaintiff / Creditor

Company: Real Asset LLC

Identify the corporate servicer as the company if the authorized agent is a servicer.

Address: 5579 S Gledhill Ave (Number Street)

Olivehurst (City) CA (State) 95961 (ZIP Code)

Contact phone: 9162983770 Email: realassetllc@gmail.com

Print | Save As... | Add Attachment | Reset